LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| ANTHONY ESPINAL, *on behalf of himself, FLSA Collective Plaintiffs, and the Class,* | Case No: |
| Plaintiff, | **CLASS AND COLLECTIVE** |
| v. | **ACTION COMPLAINT** |
| HILL ENTERPRISE INC. d/b/a SEAFORD CITGO, HTM FOOD MART INC. d/b/a EXXON, JOHN DOE CORPORATIONS 1-20, OMAR MAHMUD, and TARIQ MAHMUD, | |
| Defendants. | |

---

Plaintiff, ANTHONY ESPINAL ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against HILL ENTERPRISE INC. d/b/a SEAFORD CITGO, HTM FOOD MART INC. d/b/a EXXON, JOHN DOE CORPORATIONS 1-20 (the "Corporate Defendants"), OMAR MAHMUD, and TARIQ MAHMUD (the "Individual Defendants," and collectively with Corporate Defendants, the "Defendants") and states as follows:

**INTRODUCTION**

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, (2) liquidated damages, and (3) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, (2) compensation for late payment of wages, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

3.      Plaintiff additionally alleges for damages under the Internal Revenue Code, 26 U.S.C. § 7434 for relief, damages, fees and costs in this matter because Defendants willfully filed fraudulent tax information forms with the Internal Revenue Service ("IRS").

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5.      Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

**PARTIES**

6.      Plaintiff, ANTHONY ESPINAL, for all relevant time periods, was a resident of Nassau County, New York.

7.      Defendants own and operate multiple gas stations across New York State through the control of Corporate Defendant Hill Enterprise Inc., HTM FOOD MART INC., and JOHN DOE CORPORATIONS 1-20. The gas stations are located at the following addresses:

   a.   3818 Sunrise Highway, Seaford, NY 11783 ("SEAFORD CITGO");

b. 3980 Sunrise Highway, Seaford, NY 11783 ("EXXON"); and

c. Twenty (20) other locations throughout Nassau County

(collectively, the "Gas Stations").

8. Corporate Defendant HILL ENTERPRISE INC. d/b/a SEAFORD CITGO is a domestic business corporation organized under the laws of the State of New York with an address for service of process, and a principal place of business located at 3818 Sunrise Highway, Seaford, NY 11783. Defendants operate the Gas Stations through Corporate Defendant.

9. Corporate Defendant HTM FOOD MART INC. d/b/a EXXON is a domestic business corporation organized under the laws of the State of New York with an address for service of process, and a principal place of business located at 3980 Sunrise Highway, Seaford, NY 11783. Defendants operate the Gas Stations through Corporate Defendant.

10. Upon information and belief, Defendants JOHN DOE CORPORATIONS 1-20 are individual unknown corporations operating gas stations across New York state. JOHN DOE CORPORATIONS 1-20 are direct subsidiaries and/or have their operations controlled by Defendants. Defendants exercise control over the employment terms and conditions of those working for Defendants JOHN DOE CORPORATIONS 1-20. Defendants have and exercises the power and authority to determine the rate and method of pay, determine work schedules, maintain employment records, and otherwise affect the quality of employment of employees of JOHN DOE CORPORATIONS 1-20. Defendants exercise functional control over the business and financial operations of all JOHN DOE CORPORATIONS 1-20 and have authority over all employee-related decisions including payroll, personnel, and wage and hour policies concerning employees. While each individual office comprising JOHN DOE CORPORATIONS 1-20 is ultimately owned

by a separate corporation, Defendants. and JOHN DOE CORPORATIONS 1-20 operate their business and offices as a single integrated enterprise

11.     Individual Defendant OMAR MAHMUD is a principal of EXXON and an owner of Corporate Defendants. Individual Defendant OMAR MAHMUD exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Individual Defendant OMAR MAHMUD exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Individual Defendant OMAR MAHMUD directly regarding any of the terms of their employment, and Individual Defendant OMAR MAHMUD would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Individual Defendant OMAR MAHMUD exercised functional control over the business and financial operations of Corporate Defendants. Individual Defendant OMAR MAHMUD had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

12.     Individual Defendant, TARIQ MAHMUD, is a principal of SEAFORD CITGO and owner of Corporate Defendants. Individual Defendant TARIQ MAHMUD exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Individual Defendant TARIQ MAHMUD exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of

employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Individual Defendant TARIQ MAHMUD directly regarding any of the terms of their employment, and Individual Defendant TARIQ MAHMUD would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Individual Defendant TARIQ MAHMUD exercised functional control over the business and financial operations of Corporate Defendants. Individual Defendant TARIQ MAHMUD had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

13.     Defendants operate the Gas Stations as a single integrated enterprise. Specifically, they are engaged in related activities, share common ownership, and have a common business purpose.

a.   Each Gas Station location is engaged in the same business as a filling station and convenience store.

b.   All Gas Stations are commonly owned and operated by Individual Defendants OMAR MAHMUD, and TARIQ MAHMUD who are owners in charge of daily operations of the Gas Stations. Individual Defendants set all wage and hour policies at each Gas Station.

c.   All Gas Stations engaged in the unlawful practice of not paying employees during training periods.

d.   Defendants interchanged employees among the Gas Stations. Employees were asked to cover shifts at different locations. For example, Plaintiff worked at both

SEAFORD CITGO and EXXON throughout his employment. Plaintiff was asked to cover shifts at both locations.

14.     At all relevant times, the Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

15.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

16.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees (including but not limited to cashiers, and gas attendants among others) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

17.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper compensation for all hours worked. The claims of Plaintiff, stated herein, is essentially the same as those of the other FLSA Collective Plaintiffs.

18.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

19.    Plaintiff bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt (including but not limited to cashiers, and gas stations attendants among others) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

20.    All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21.    The proposed Class is so numerous such that a joinder of all members is impracticable and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. Plaintiff, ANTHONY ESPINAL, is a member of the Class.

22.    Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All Class members were subject to Defendants' corporate practices of (i) failing to pay proper compensation, (ii) late payment of wages, (iii) failing to provide wage

statements per requirements of the NYLL and (iv) failing to properly provide wage notices to Class members, at date of hiring and annually, per requirements of the NYLL.

23.    Defendants' corporate-wide policies and practices affected all Class members, similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff and other Class members sustained similar losses, injuries and damage arising from the same unlawful policies, practices and procedures.

24.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

25.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual

members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26.     Defendants and other employers throughout the state violate NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants employed Plaintiffs and the Class members within the meaning of the NYLL;

(b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class members for their work;

(d) Whether Defendants properly notified Plaintiff and Class members of their regular hourly rate and overtime rate;

(e) Whether Defendants properly compensated Plaintiff and Class members for all hours worked;

(f) Whether Defendants paid Plaintiff and Class members their lawful wages in a timely manner;

(g) Whether Defendants failed to withhold taxes from the wages of Plaintiff and Class members;

(h) Whether Defendants provided Plaintiff and Class members with accurate tax statements for each tax year that they worked;

(i) Whether Defendants provided proper wage statements to Plaintiff and Class members per requirements of the NYLL; and

(j) Whether Defendants provided proper wage and hour notices to Plaintiff and Class members, at date of hiring and annually, per requirements of the NYLL.

## **STATEMENT OF FACTS**

28.    On or around February 2021, Plaintiff, ANTHONY ESPINAL, began employment with Defendants as a Cashier. Plaintiff worked primarily at SEAFORD CITGO located at 3818 Sunrise Highway, Seaford, NY 11783. Plaintiff also worked at EXXON located at 3980 Sunrise Highway, Seaford, NY 11783. Plaintiff was terminated in or around May 19, 2021.

29.    Throughout Plaintiff's employment with Defendants, Plaintiff's spent almost all of his time performing manual labor which included, moving crates, restocking shelves and cold beverages, wiping windows, cleaning the bathroom, sweeping the premises, etc.

30.    Throughout Plaintiff's employment with Defendants, Plaintiff regularly worked around thirty-five (35) hours per week.

31.    Throughout Plaintiff's employment by Defendants, Plaintiff was compensated at a

rate of fourteen dollars ($14.00) per hour.

32.     Throughout the first nine (9) days of Plaintiff's employment by Defendants, Plaintiff was forced to undergo a training period (the "Training Period"). During the Training Period, Plaintiff worked eight (8) hours per day for each of the nine (9) training days. However, Plaintiff was not paid any wages for this Training Period. FLSA Collective Plaintiffs, and Class members were similarly not compensated for the Training Period.

33.     Throughout Plaintiff's employment, Defendants failed to pay Plaintiff his wages within seven (7) days of the end of the week in which Plaintiff earned them, in violation of NYLL § 191(1)(a)(i).[1] Defendants would provide Plaintiff with checks every two (2) weeks. Therefore, Plaintiff and Class members are owed liquidated damages equal to the late payment of wages and accrued interest on the delayed payments.

34.     Plaintiff was paid his first payment in cash and the remaining payments by check. FLSA Collective Plaintiffs and Class members were paid in a similar manner.

35.     As a result of Defendants paying Plaintiff and Class members in cash, Defendants failed to withhold any of Plaintiff's and Class members' wages for tax purposes.

36.     Defendants further failed to provide Plaintiff and Class members with accurate W-2 tax statements for each tax year during which Plaintiff worked.

37.     Defendants knew or should have known that they had a legal duty to withhold taxes from all of Plaintiff's and Class members' earnings and to provide Plaintiff and Class members with accurate W-2 tax statements for each tax year during which Plaintiff and Class members worked.

---

[1] See *Vega v. CM & Assoc. Constr. Mgmt., LLC*, 2019 NY Slip Op 06459, ¶¶ 1-2, 175 A.D.3d 1144, 1145-46, 107 N.Y.S.3d 286, 287-88 (App. Div. 1st Dept.)

38.     Defendants failed to provide Plaintiff and Class members with any wage notices at hiring and annually thereafter. Plaintiff did not receive any wage notices either upon being hired or annually since the date of hiring in violation of the NYLL.

39.     Plaintiff and Class members did not receive any wage statements, in violation of the NYLL. Defendants are required to provide itemized listings of deductions taken on a wage statement with every payment of wages. Defendants failed to satisfy the requirements under the NYLL because they did not provide Plaintiff and Class members with any wage statements.

40.     Defendants knowingly and willfully operated their business with a policy of failing to pay Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked.

41.     Defendants knowingly and willfully operated their business with a policy of not providing employees proper wage statements as required under the NYLL.

42.     Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and Class members at the beginning of employment and annually thereafter, in violation of the NYLL.

43.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

44.     Plaintiff realleges and reavers Paragraphs 1 through 43 of this Class and Collective Action Complaint as if fully set forth herein.

45.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

46.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

47.     At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.00.

48.     At all relevant times, Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked.

49.     Plaintiff is in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

50.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

51.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

52.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, and an equal amount as liquidated damages.

53.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

54.     Plaintiff realleges and reavers Paragraphs 1 through 53 of this Class and Collective Action Complaint as if fully set forth herein.

55.     At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the NYLL, §§ 2 and 651.

56.     Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them proper wages in the lawful amount for hours worked.

57.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them their wages within seven days of the end of the week in which they were earned, in violation of NYLL § 191(1)(a)(i).

58.     Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the NYLL.

59.     Defendants failed to provide proper wage statements with correct payment as required by NYLL § 195(3).

60.     Due to the Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid wages, late payment of wages, reasonable attorneys' fees,

liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

**COUNT III**

**CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS**

**UNDER 26 U.S.C. § 7434(a)**

61.     Plaintiff realleges and reavers Paragraphs 1 through 60 of this Class and Collective Action Complaint as if fully set forth herein.

62.     By failing to provide Plaintiff and Class members with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants, and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff and Class members as compensation for all of the work Plaintiff and Class members performed during the course of their employment with Defendants, and failing to withhold amounts listed on W-2 forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

63.     Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs, and Class members respectfully request that this Court grant the following relief:

   a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid wages due under the FLSA and the NYLL;

d.  An award of statutory damages as a result of Defendants' failure to comply with the Internal Revenue Code tax filing requirements;

e.  Cost attributable to resolving deficiencies;

f.  Damages resulting from the additional tax debt and additional time and expenses associated with any necessary correction;

g.  That Defendants be ordered to take all the necessary steps to correct the information returns identified above;

h.  An award of liquidated damages and interest for each late payment of wages pursuant to NYLL § 191(1)(a)(i);

i.  An award of statutory penalties as a result of Defendants' failure to comply with NYLL wage notice and wage statement requirements;

j.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to proper wages pursuant to 29 U.S.C. § 216;

k.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages for all hours of work, pursuant to NYLL;

l.  An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

m. Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

n.  Designation of this action as a class action pursuant to F.R.C.P. 23;

o.  Designation of Plaintiff as Representatives of Class; and

p.  Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:  September 3, 2021

Respectfully submitted,
By:    _/s/ C.K. Lee_____
C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiff and the Class*